IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA FOGARTY, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHURCH & DWIGHT, INC.; THE PROCTER & GAMBLE COMPANY, INC.; REVLON, INC.; THE DIAL CORPORATION; and KAO USA <br><br> Defendants. | **ECF Case – Document Electronically Filed** <br><br> Case No.: 3:14-cv-07086-FLW-DEA <br><br> **Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF THE PROCTER & GAMBLE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT WITH PREJUDICE, PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

John P. Hooper *(admitted pro hac vice)*
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022-7650
Telephone: (212) 521 5400
Facsimile: (212) 521 5450
Email: jhooper@reedsmith.com

Eric F. Gladbach
**Reed Smith LLP**
Princeton Forrestal Village
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: egladbach@reedsmith.com

*Counsel for The Procter & Gamble Company*

# **TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ...............................................................1

**STATEMENT OF ALLEGATIONS** .......................................................3

**MOTION TO DISMISS STANDARDS** ..................................................4

**ARGUMENT** ...........................................................................................5

I.    PLAINTIFF'S STATUTORY AND COMMON LAW COUNTS
MUST BE DISMISSED ...................................................................5

    A.    Plaintiff's New Jersey Consumer Fraud Act ("CFA") Claim
Should Be Dismissed Because P&G Acted Lawfully and
Plaintiff Has Failed to Allege an Ascertainable Loss .........................5

    B.    Plaintiff's Intentional Misrepresentation Count Must Be
Dismissed Because P&G Complied with FDA Regulations and
Plaintiff Cannot Demonstrate Reasonable Reliance, as a Matter
of Law ..............................................................................................10

    C.    Plaintiff's Claim of Breach of Implied Warranty Should be
Dismissed Because The Secret Outlast Was Merchantable And
Useable As An Antiperspirant/Deodorant. ......................................12

    D.    Plaintiff Has No Standing to Pursue Her Claims ...............................15

**CONCLUSION** .....................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Ashcroft v. Iqbal,</u>
  556 U.S. 662 (2009) .................................................................5

<u>Ballentine v. United States,</u>
  486 F.3d 806 (3d Cir. 2007) ...................................................15

<u>Bell Atl. Corp v. Twombly,</u>
  550 U.S. 544 (2007) ..............................................................4, 5

<u>Bird v. First Alert, Inc.,</u>
  2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ........................7

<u>In re Burlington Coat Factory Sec. Litig.,</u>
  114 F.3d 1410 (3d Cir. 1997) ...................................................6

<u>In re Cheerios Mktg. & Sales Practices Litig.,</u>
  No. 09-CV-2413, 2012 WL 3952069 (D.N.J. Sept. 10, 2012) ............................8

<u>In re ConAgra Foods Inc.,</u>
  908 F. Supp. 2d 1090 (C.D. Cal. 2012) ...................................8

<u>Cox v. Sears Roebuck & Co.,</u>
  647 A.2d 454 (N.J. 1994) .........................................................5

<u>Crozier v. Johnson & Johnson Consumer Companies, Inc.,</u>
  901 F. Supp. 2d 494 (D.N.J. 2012) ........................................14

<u>Dzielak v. Whirlpool Corp.,</u>
  26 F. Supp. 3d 304 (D.N.J. 2014) ............................................9

<u>Frederico v. Home Depot,</u>
  507 F.3d 188 (3d Cir. 2007) .....................................................6

<u>Gennari v. Weichert Co. Realtors,</u>
  148 N.J. 582 (1997) ...........................................................10, 11

<u>In re Gerber Probiotic Sales Practices Litigation,</u>
  Civ. A. No. 12-835, 2014 WL 3446667 (D.N.J. July 11, 2014) ........................9

<u>Green v. Green Mountain Coffee Roasters, Inc.,</u>
  279 F.R.D. 275 (D.N.J. 2011) .................................................15

Greene v. BMW of North America, Inc.,
   Civ. No. 2:11-04220, 2012 WL 5986457 (D.N.J. Nov. 28, 2012) ....................15

Gumbs v. Int'l Harvester, Inc.,
   718 F.2d 88 (3d Cir. 1983) ...............................................................13

Koronthaly v. L'Oreal USA, Inc.,
   374 Fed. App'x 257 (3d Cir. 2010) ..................................................16

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992).........................................................................16

Mann v. TD Bank, N.A.,
   Civ. No. 09–1062, 2010 WL 4226526 (D.N.J. Oct. 20, 2010) ..........................8

Marcus v. BMW of N. Am., LLC,
   687 F.3d 583 (3d Cir. 2012) ............................................................13

Mason v. Coca Cola Co.,
   774 F. Supp. 2d 699 (D.N.J. 2011).......................................10, 11, 12

McGuire v. BMW of N. Am., LLC,
   No. CIV. A. 13-7356, 2014 WL 2566132 (D.N.J. June 6, 2014)......................10

In re McNeil Consumer Healthcare,
   877 F. Supp. 2d 254 (E.D. Pa. 2012) ..................................................9

Nappe v. Anschelewitz, Barr, Ansell & Benello,
   460 A.2d 161 (N.J. Super. Ct. App. Div. 1983), rev'd in part on other
   grounds, 477 A.2d 1224 (N.J. 1984) ..........................................11, 12

New Jersey Carpenters and the Trustees Thereof v. Tishman Constr.
   Corp. of New Jersey,
   760 F.3d 297 (3d. Cir. 2014) ..............................................................4

New Jersey Transit Corp. v. Harsco Corp.,
   497 F.3d 323 (3d Cir. 2007) ............................................................14

Pappalardo v. Combat Sports, Inc.,
   Civ. A. No. 11–1320, 2011 WL 6756949 (D.N.J. Dec. 23, 2011)....................14

Pelayo v. Nestle USA, Inc.,
   989 F. Supp. 2d 973 (C.D. Cal. 2013) ................................................7

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
   998 F.2d 1192 (3d Cir. 1993) ............................................................6

Rowen Petroleum Prop., LLC v. Hollywood Tanning Sys., Inc.,
   No. Civ. 08-4764, 2011 WL 6755838 (D.N.J. Dec. 23, 2011) .........................10

In re Samsung Electronics Am., Inc. Blu-Ray Class Action Litig., Civ. A.
    08-0663JAG, 2008 WL 5451024 (D.N.J. Dec. 31, 2008) .................................13

Smajlaj v. Campbell Soup Co.,
    782 F. Supp. 2d 84 (D.N.J. 2011).........................................................................9

Stewart v. Smart Balance, Inc.,
    Civ. A. No. 11–6174, 2012 WL 4168584 (D.N.J. June 26, 2012) .......................8

Thiedemann v. Mercedes-Benz USA, LLC,
    183 N.J. 234, 872 A.2d 783 (N.J. 2005)............................................................8, 9

Toll Bros., Inc. v. Twp. of Readington,
    555 F.3d 131 (3d Cir. 2009) ...............................................................................16

In re Wellbutrin XL Antitrust Litig.,
    260 F.R.D. 143 (E.D. Pa. 2009).........................................................................10

Winer Family Trust v. Queen,
    503 F.3d 319 (3d Cir. 2007) ...............................................................................10

Wyeth v. Ranbaxy Labs., Ltd.,
    448 F. Supp. 2d 607 (D.N.J. 2006).......................................................................5

Young v. Johnson & Johnson,
    No. Civ. A. 11-4580, 2012 WL 1372286 (D.N.J. Apr. 19, 2012) aff'd,
    525 F. App'x 179 (3d Cir. 2013)................................................................9, 16, 17

**Statutes**

N.J. Stat. Ann. 12A:2-314........................................................................................13

N.J. Stat. Ann. 12A:2-315........................................................................................13

N.J. Stat. Ann. § 56:8-2..............................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(1)........................................................................................1, 16

Fed. R. Civ. P. 12(b)(6)....................................................................................passim

**Regulations**

21 C.F.R. 701.3(a)................................................................................................6, 17

**Other Authorities**

FDA Cosmetic Labeling Guide: Ingredient Labeling – Fragrances and
Flavors, available at
http://www.fda.gov/Cosmetics/Labeling/Regulations/ucm126444.htm ........6, 17

FDA, "Fragrances in Cosmetics," available at
http://www.fda.gov/Cosmetics/ProductsIngredients/Ingredients/ucm38
8821.htm (last accessed 4/07/2015)....................................................................1

U.S. Const. art. III, § 2, cl. 1. Article III.................................................................15

Defendant The Procter & Gamble Company[1] ("P&G" or "Defendant"), by and through its counsel, Reed Smith LLP, respectfully submits this memorandum of law in support of its motion to dismiss with prejudice Plaintiff's Amended Class Action Complaint ("Amended Complaint" or "Am. Compl.") for lack of standing and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[2]

## PRELIMINARY STATEMENT[3]

P&G manufactures Secret Outlast Clear Gel Unscented Antiperspirant/ Deodorant (hereinafter "Secret Outlast").  Secret Outlast contains a fragrance that masks chemicals or odor from other ingredients, and P&G clearly labels its product as having a "fragrance* *masking fragrance."  Am. Compl. at ¶ 40.  Consistent with Food and Drug Administration ("FDA") guidelines for use of a masking fragrance, P&G uses the term "unscented" to describe a product that includes a fragrance that masks chemical or other odors from other ingredients.  See FDA, "Fragrances in Cosmetics," available at

---

[1] Plaintiff's Complaint names "The Proctor & Gamble Company, Inc."  The company's correct name is "The Procter & Gamble Company."

[2] P&G incorporates by reference any and all other arguments made by the other defendants in their memoranda of law in support of their motions to dismiss the Amended Complaint.

[3] The statements made in the Preliminary Statement section are not admitted and any allegations therein are expressly denied, to the extent required, and are included only for purposes of this motion to dismiss.  P&G expressly reserves any and all of its defenses to answer or otherwise respond to Plaintiff's Amended Complaint.

1

http://www.fda.gov/Cosmetics/ProductsIngredients/Ingredients/ucm388821.htm (last accessed 4/07/2015) (hereinafter "Fragrances in Cosmetics").

Plaintiff, however, purchased Secret Outlast, apparently without reading the ingredient list, and complains that the use of the term "unscented" is misleading, notwithstanding P&G's clear disclosure that the product contains a masking fragrance. Am. Compl. at ¶¶ 40, 87-88. Plaintiff makes similar complaints with regard to eight additional antiperspirants and deodorants sold by other defendants. Id. at ¶¶ 87-89. She claims that due to her perception that the "unscented" antiperspirants and deodorants have a scent, they are unusable to her and each and every person who has purchased these products. See Am. Compl. at ¶¶ 6, 66. The claims are untenable and should be dismissed on their face because it is neither misleading nor actionable under any of the statutory or common law theories that Plaintiff asserts to describe a product as "unscented" when accompanied by clear disclosure that the product contains a masking fragrance.

Plaintiff's Complaint alleges (i) violations of New Jersey Consumer Fraud Act; (ii) intentional misrepresentation; and (iii) breach of implied warranty. Id. at ¶¶ 108-144.[4]

As detailed below, Plaintiff's New Jersey Consumer Fraud Act ("CFA") count, intentional misrepresentation count, and breach of implied warranty count

_____

[4] Plaintiff seeks class certification, restitution and disgorgement, monetary damages and injunctive relief. Id. at ¶¶ (A)-(E).

2

must be dismissed because Plaintiff has failed to allege that P&G participated in any unlawful conduct.  Her own allegations state that P&G labeled its product as including a masking fragrance, and the use of a masking fragrance in order to mask chemicals and/or other odors which exist in virtually all antiperspirants and deodorants is within the FDA guidelines regarding acceptable practices for use of fragrances in cosmetics.  Furthermore, Plaintiff's intentional misrepresentation count fails because Plaintiff cannot demonstrate justifiable or reasonable reliance, as she admits she did not review the list of ingredients prior to purchase.  Am. Compl. at ¶ 87.  Finally, Plaintiff's breach of implied warranty count fails as Secret Outlast was and still is merchantable and useable as an antiperspirant/deodorant.

## STATEMENT OF ALLEGATIONS

Plaintiff Melissa Fogarty ("Fogarty" or "Plaintiff") alleges that she originally purchased co-defendant Revlon's product Mitchum Men's deodorant. Am. Compl. at ¶ 87.  Once she received it, Plaintiff states that she was "not satisfied" by the "scent" of the product.  Id.  Plaintiff then alleges that in an effort to find a deodorant suitable to her, she purchased P&G's Secret Outlast and Dial's product Dry Idea from a retail store.  Id.  Plaintiff states that she still was not satisfied and purchased the remaining Defendants' products in an online purchase: Church & Dwight's products Arm & Hammer Essentials and Arm & Hammer

UltraMax; Revlon's products Mitchum Women's, Mitchum Men's Clinical, and Mitchum SmartSolid; and Kao's product Ban.  Id. at ¶¶ 87, 88.

Plaintiff, despite her alleged concerns that the "unscented" deodorants would have a fragrance and a scent, did not read the ingredients prior to purchase.  Id. at ¶ 87.  Rather, she, unlike a reasonable consumer, purportedly "rel[ied] exclusively on the representation…on the labels…that they were 'unscented.'"  Id. at ¶ 87 (emphasis added).  Plaintiff admits in her Amended Complaint that Secret Outlast lists a "masking fragrance" as one of its ingredients and even attributes the "scent" to this fragrance.  Id. at ¶ 40.  Plaintiff does not state in the Amended Complaint that she returned any of the nine antiperspirants and deodorants that she found unsatisfactory.  Plaintiff also did not allege that she was unable to return any of the products, and she seemingly purchased and kept all nine deodorants to set up this class action lawsuit.

## MOTION TO DISMISS STANDARDS

A complaint must be dismissed under Rule 12(b)(6) where it fails to "allege 'enough facts to state a claim to relief that is plausible on its face.'"  Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007), cited in New Jersey Carpenters and the Trustees Thereof v. Tishman Constr. Corp. of New Jersey, 760 F.3d 297, 302 (3d. Cir. 2014).  To be facially plausible, a complaint must allow the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  A "formulaic recitation of cause of action's elements will not do…[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  The recitation of "legal conclusions made in the guise of factual allegations" will not suffice.  Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006).

## ARGUMENT

### I.    PLAINTIFF'S STATUTORY AND COMMON LAW COUNTS MUST BE DISMISSED

#### A.    Plaintiff's New Jersey Consumer Fraud Act ("CFA") Claim Should Be Dismissed Because P&G Acted Lawfully and Plaintiff Has Failed to Allege an Ascertainable Loss

Plaintiff's CFA count must be dismissed because she has failed to demonstrate that P&G participated in unlawful conduct or that she suffered an ascertainable loss.  P&G disclosed on the label that Secret Outlast contains a masking fragrance.  P&G has also followed the FDA's statements regarding the use of masking fragrances in the industry.

The New Jersey CFA, N.J.S.A. § 56:8-2, requires (1) unlawful conduct; (2) ascertainable loss; and (3) a causal relationship between the unlawful conduct and loss.  Cox v. Sears Roebuck & Co., 647 A.2d 454, 465 (N.J. 1994).  Plaintiff cannot properly allege that there was any unlawful conduct by P&G because there

is no: (1) affirmative act; (2) knowing omission; or (3) violation of a regulation.

Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007).

P&G's conduct is lawful as its labeling on the Secret Outlast falls within the FDA-accepted industry practice of using fragrances in "unscented" products to mask chemical and/or other odors.  See 21 C.F.R 701.3(a) and the FDA Cosmetic Labeling Guide: Ingredient Labeling – Fragrances and Flavors, available at http://www.fda.gov/Cosmetics/Labeling/Regulations/ucm126444.htm (last accessed 4/7/15) ("masking agent(s) . . . may be declared . . . as "fragrance").  In fact, the FDA Cosmetic Labeling Guide states, "A masking agent present in a product at an insignificant level may be considered an incidental ingredient under § 701.3(l)(2)(iii) in which case it need not be declared on the label."  Yet, P&G goes beyond this minimum requirement and fully discloses the use of fragrance as a masking agent.[5]  In addition, a reasonable consumer would understand that the term "unscented" is not synonymous with fragrance-free when viewed along with the ingredient list that specified a "masking fragrance," which was readily available on the product's back label.  "Plaintiff has failed to allege either a

---

[5] Mindful that a Rule 12(b)(6) motion to dismiss must be based on the four corners of the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim, we note that all references in this memorandum of law to text on Secret Outlast's label is included in the Amended Complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

plausible objective definition of the term ["unscented"] or her subjective definition of the term ["unscented"] that is shared by the reasonable consumer. Accordingly, Plaintiff has failed to allege how the term ["unscented"] could be deceptive to a consumer acting reasonably under the circumstances."  Pelayo v. Nestle USA, Inc., 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013).

Furthermore, the Secret Outlast's ingredient list makes apparent to any purchaser that the product contains masking fragrance.  Plaintiff chose to ignore or avoid this disclosure, making her atypical of a reasonable consumer.  See Am. Compl. at ¶ 40.  Additionally, P&G states that it is a "masking fragrance" without using any chemical terminology unfamiliar to the average consumer.[6]  As such, Plaintiff could have determined that Secret Outlast contained a masking fragrance had she reviewed the ingredients list.  P&G was not deceptive about the use of fragrance in its product, and Plaintiff has not demonstrated any violation of federal regulations.

Moreover, Plaintiff's Complaint fails to allege an ascertainable loss under the CFA.  Under the CFA, either an "out-of-pocket loss or a demonstration of loss

_____

[6] Plaintiff's claim P&G failed to disclose that Secret Outlast had a "detectible scent," Am. Compl. at ¶ 116, is insufficient.  P&G's disclosure of a masking fragrance negates any allegation of "concealment" under the CFA, and Plaintiff does not allege facts showing that the disclosure was inadequate.  See Bird v. First Alert, Inc., 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) (plaintiff failed to state fraudulent omission claim under California consumer fraud statute because products included disclaimer and complaint failed to "allege any facts showing that the disclosures were inadequate.").

in value will suffice." Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248, 872 A.2d 783, 792 (N.J. 2005). Here, Plaintiff merely alleges that her loss is the purchase price because Plaintiff nor any members of the purported class "could not use" the Secret Outlast for its "intended purpose." Am. Compl. at ¶¶ 90-91. Plaintiff's allegations are insufficient because Plaintiff is unable to argue that Secret Outlast did not serve its intended purpose as an antiperspirants/deodorant to either Plaintiff or the purported class. Stewart v. Smart Balance, Inc., Civ. A. No. 11–6174, 2012 WL 4168584, *9-10 (D.N.J. June 26, 2012). Generally, "the 'out-of-pocket' theory applies when the purchase price of a misrepresented product [may be refunded] so long as . . . the seller's misrepresentations rendered the product essentially worthless." In re Cheerios Mktg. & Sales Practices Litig., No. 09-CV-2413, 2012 WL 3952069, at *11 (D.N.J. Sept. 10, 2012) (citing Mann v. TD Bank, N.A., Civ. No. 09–1062, 2010 WL 4226526, at *5 (D.N.J. Oct. 20, 2010)); see also In re ConAgra Foods Inc., 908 F. Supp. 2d 1090, 1107, n.55 (C.D. Cal. 2012) (holding that under the CFA, plaintiffs could not plead an ascertainable loss of the purchase price of cooking oils because "plaintiffs [did] not allege that the [oils] had no value, or that they did not serve their fundamental purpose as cooking oils"). Nowhere in the Complaint does Plaintiff allege that Secret Outlast is "worthless" or that it did not perform as an antiperspirant/deodorant with a masking fragrance.

8

Plaintiff's claim that she would have bought a different product had she known of the alleged fragrance in Secret Outlast is not sufficient to allege that the retail price is the amount of loss sustained.[7] See Am. Compl. at ¶ 26; see also In re Gerber Probiotic Sales Practices Litigation, Civ. A. No. 12-835, 2014 WL 3446667 (D.N.J. July 11, 2014) (holding that Plaintiffs allegation that they would have bought different formula … if they had known that Defendants' probiotic products did not provide immunity benefits was insufficient to allege that the retail price reflected the amount of loss sustained); Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 99 (D.N.J. 2011) ("New Jersey Courts require for [a] loss to be "ascertainable"… the consumer [must] quantify the difference in value between the promised product and the actual product received."). Plaintiff has not "proffer[ed] evidence of loss that is not hypothetical or illusory" and can be "presented with some certainty demonstrating that it is capable of calculation." Thiedemann, 872 A.2d at 792-93.[8]

---

[7] Other courts in this circuit have found that consumers who fail to take advantage of the opportunity to return a product that did not meet their expectations cannot sustain a consumer fraud claim. In re McNeil Consumer Healthcare, 877 F. Supp. 2d 254, 274 (E.D. Pa. 2012). Since Plaintiff failed to provide any evidence that she attempted to return the Secret Outlast to the seller in order to get her money back (and therefore alleged damages), she should not be able to maintain her CFA count.

[8] To the extent that Plaintiff might try to argue that she paid a "premium price" for the Secret Outlast, that argument is also without merit. Young v. Johnson & Johnson, No. Civ. A. 11-4580, 2012 WL 1372286, at *4 (D.N.J. Apr. 19, 2012) aff'd, 525 F. App'x 179 (3d Cir. 2013) (holding that plaintiff failed to set forth how

Thus, Plaintiff's CFA count fails and must be dismissed as a matter of law, pursuant to Fed. R. Civ. P. 12(b)(6).[9]

**B.     Plaintiff's Intentional Misrepresentation Count Must Be Dismissed Because P&G Complied with FDA Regulations and Plaintiff Cannot Demonstrate Reasonable Reliance, as a Matter of Law**

Plaintiff's claim for intentional misrepresentation requires that Plaintiff prove (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.  Mason v. Coca Cola Co., 774 F. Supp. 2d 699, 704 (D.N.J. 2011); Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997) (cited in Rowen

---

he paid a premium price when he argued that he paid a premium price for a product he believed was healthy, "when in fact…it contained dangerous partially hydrogenated oils").

[9] Although Plaintiff does not raise it as a count, Paragraph 11 of the Amended Complaint states, "Plaintiff asserts claims on behalf of herself and the … for violations of the [CFA] or, in the alternative, under the consumer fraud acts of other states where members of the Class reside."  Plaintiff lacks standing to seek relief under the consumer protection laws any other states because she did not alleged an injury-in-fact in any jurisdiction other than New Jersey.  Winer Family Trust v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).  "Plaintiff lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury."  McGuire v. BMW of N. Am., LLC, No. CIV. A. 13-7356, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) (citing In re Wellbutrin XL Antitrust Litig., 260 F.R.D. 143, 152 (E.D. Pa. 2009) ("For example, a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state.")  The McGuire court's reasoning negates Plaintiff's claim that New Jersey law can be applied to the class as a whole.

<u>Petroleum Prop., LLC v. Hollywood Tanning Sys., Inc.</u>, No. Civ. 08-4764, 2011 WL 6755838, at *7 (D.N.J. Dec. 23, 2011)).

Plaintiff has failed to allege an intentional material misrepresentation or that she reasonably relied upon such a misrepresentation.  <u>See</u> <u>Mason</u>, 774 F. Supp. 2d at 704; <u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. at 610.  First, there was no misrepresentation because P&G disclosed the use of a "masking fragrance" on the product label.  Second, since Plaintiff admits P&G disclosed the use of a masking fragrance, which is permitted by the FDA, and she admits she relied exclusively on the term "unscented," thus not reviewing the list of ingredients, she could not have reasonably relied on a "misrepresentation."  Because Plaintiff cannot demonstrate reasonable and justifiable reliance on a false representation, her intentional misrepresentation count must be dismissed as a matter of law.  <u>Mason</u>, 774 F. Supp. 2d at 704; <u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. at 610.

Plaintiff puts significant weight on "unscented" as the characteristic she sought in a deodorant.  <u>See</u> Am. Compl. at ¶ 1, 3-6, 66.  However, by failing to read the ingredient list, she did not act reasonably.  A reasonable and typical plaintiff, after allegedly finding another "unscented" product unsatisfactory, would have "pursued further investigation" by reading the ingredient label.  <u>Nappe v. Anschelewitz, Barr, Ansell & Benello</u>, 460 A.2d 161, 165 (N.J. Super. Ct. App. Div. 1983), <u>rev'd in part on other grounds</u>, 477 A.2d 1224 (N.J. 1984).  Plaintiff

11

alleges that had she known that she would perceive a scent, she would not have purchased the deodorant.  Am. Compl. at ¶ 93.  However, had she simply read the ingredient list, she would have known prior to purchase that it contained a masking fragrance, which Plaintiff attributes to providing the "scent."  Id. at ¶ 40.  As a matter of law, Plaintiff failed to act reasonably because she did not conduct basic diligence prior to making her purchase that would have "revealed the falsity" of the alleged misrepresentation.  Nappe, 460 A.2d 165.

Since Plaintiff's CFA count fails and because of the lack of reasonable reliance, Plaintiff's intentional misrepresentation count must also be dismissed as a matter of law, pursuant to Fed. R. Civ. P. 12(b)(6).  See Mason, 774 F. Supp. 2d at 704 (dismissing misrepresentation and CFA counts because allegations were insufficient to support them).

### C. Plaintiff's Claim of Breach of Implied Warranty Should be Dismissed Because The Secret Outlast Was Merchantable And Useable As An Antiperspirant/Deodorant.

It is unclear from the Amended Complaint whether Plaintiff is alleging a breach of implied warranty of merchantability or a breach of implied warranty of fitness for a particular purpose.  In addition to Plaintiff's failure to specify the type of breach of warranty, her count also suffers from fatal defects and should therefore be dismissed.

12

To state a claim for breach of the implied warranty of merchantability, Plaintiff must allege "(1) that a merchant sold goods, (2) which were not 'merchantable' at the time of the sale, (3) injury and damages to the plaintiff or its property, (4) which were caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury."[10] Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 601, n.8 (3d Cir. 2012); In re Samsung Electronics Am., Inc. Blu-Ray Class Action Litig., Civ. A. 08-0663JAG, 2008 WL 5451024, at *6 (D.N.J. Dec. 31, 2008).  To state a claim for a breach of the implied warranty of fitness for a particular purpose, Plaintiff must allege that (1) the seller had reason to know the buyer's particular purpose; (2) the seller had reason to know that the buyer was relying on the seller's skill or judgment to furnish appropriate goods; and (3) the buyer must actually rely upon the seller's skill or judgment.[11] Gumbs

---

[10] N.J. Stat. Ann. 12A:2-314 provides that merchantable goods must "(a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any."  N.J.S.A. 12A:2-314.

[11] N.J. Stat. Ann. 12A:2-315 provides that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."  N.J.S.A. 12A:2-315.

v. Int'l Harvester, Inc., 718 F.2d 88, 92 (3d Cir. 1983); see also New Jersey Transit Corp. v. Harsco Corp., 497 F.3d 323, 329 (3d Cir. 2007).

In order to establish a breach of either implied warranty of merchantability or implied warranty of fitness for a particular purpose, Plaintiff "must show that the [antiperspirant/deodorant she] purchased from defendant was defective." Crozier v. Johnson & Johnson Consumer Companies, Inc., 901 F. Supp. 2d at 509. Plaintiff does not allege that the Secret Outlast was defective in functioning as an antiperspirant/deodorant.  Rather, Plaintiff states she is unsatisfied with the "scent."  See Am. Compl. at ¶ 6.  However, "establishing a breach of the implied warranties of merchantability and fitness for a particular purpose requires a showing regarding the product's functionality, not the advertisements that allegedly induced a customer to purchase it."  Id.

Therefore, the breach of implied warranty count cannot be maintained because Plaintiff's claims are based solely on allegedly misleading advertising that the product was "unscented" and do not relate to the functionality of Secret Outlast as an antiperspirant/deodorant.  Crozier, 2012 WL 4507381 at *14 (dismissing with prejudice these two counts in putative class actions).  Furthermore, there is no dispute that Plaintiff was able to use and receive a benefit from the Secret Outlast product she purchased, notwithstanding any alleged issues with the term "unscented."  Pappalardo v. Combat Sports, Inc., Civ. A. No. 11–1320, 2011 WL

6756949, at *10 (D.N.J. Dec. 23, 2011)(dismissing count where products were still usable).

Lastly, even if Plaintiff was unhappy with the alleged "scent," courts do not require perfection in the products at issue.  For example, the court in Greene v. BMW of North America, Inc., Civ. No. 2:11-04220, 2012 WL 5986457 at *3 (D.N.J. Nov. 28, 2012), aptly stated that the "implied warranty comes nowhere close to guaranteeing perfection."  The Greene court dismissed the breach of implied warranty of merchantability count in the putative class action and noted that only a "minimum level of quality" is required.  Id. (quoting Green v. Green Mountain Coffee Roasters, Inc., 279 F.R.D. 275, 282-83 (D.N.J. 2011)).  The breach of implied warranty count should be dismissed, because Plaintiff has failed to sufficiently allege that the Secret Outlast falls below a minimum level of quality and cannot be used at all for its intended purpose.

### D.    Plaintiff Has No Standing to Pursue Her Claims

Plaintiff fails to allege an injury-in-fact and therefore does not have standing to pursue her claims.  Standing is a threshold jurisdictional requirement derived from Article III's case-or-controversy requirement.  U.S. Const. art. III, § 2, cl. 1. Article III standing is a threshold question of jurisdiction.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  To satisfy "the irreducible constitutional minimum of standing," the plaintiff bears the burden of establishing three

elements: (1) injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) causation; and (3) redressability. Young v. Johnson & Johnson, No. Civ. A. 11-4580, 2012 WL 1372286, at *2 (D.N.J. Apr. 19, 2012) aff'd, 525 Fed. App'x. 179 (3d Cir. 2013) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); see also Koronthaly v. L'Oreal USA, Inc., 374 Fed. App'x 257, 259 (3d Cir. 2010) ("Absent any allegation that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect, [plaintiff] has not demonstrated a concrete injury-in-fact."). Although all three elements must be met, "the injury-in-fact element is often determinative." Young, 2012 WL 1372286, at *3 (citing Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009)).

Despite Plaintiff amending her Complaint, she still has not sufficiently pled an injury-in-fact. The basis of the allegations set forth in Plaintiff's Amended Complaint is that the presence of a masking fragrance provided a "scent" in the Secret Outlast. Similarly, in Young, the plaintiff alleged that the defendant's claims regarding health benefits and composition of a food spread were false and misleading because it contained partially hydrogenated oils. Young, 2012 WL 1372286, at *3. However, the court found that these allegations were belied by both FDA regulations regarding trans fats and the Plaintiff's admission in the

complaint that the packaging disclosed that it contained partially hydrogenated oils and trans fats.  Id.

Using the same rationale set forth in Young, Plaintiff has not suffered an injury-in-fact because Secret Outlast's labeling and use of a masking agent is within FDA-accepted industry practice of using fragrances in "unscented" products to mask chemical and/or other odors.  See Am. Compl. at ¶ 40; see also 21 C.F.R 701.3(a); FDA Cosmetic Labeling Guide: Ingredient Labeling – Fragrances and Flavors, available at http://www.fda.gov/Cosmetics/Labeling/Regulations/ucm126444.htm (last accessed 4/7/15).  For these reasons, there is no injury-in-fact, and Plaintiff therefore has no standing to bring her claims, pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Class Action Complaint should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dated: April 13, 2015

/s/ Eric F. Gladbach
Eric F. Gladbach
**Reed Smith LLP**
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email:   egladbach@reedsmith.com

17

John P. Hooper *(admitted pro hac vice)*
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022-7650
Telephone: (212) 521 5400
Facsimile: (212) 521 5450
Email:    jhooper@reedsmith.com

*Counsel for The Procter & Gamble Company*

Eric F. Gladbach
**Reed Smith LLP**
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email:  egladbach@reedsmith.com

*Attorneys for Defendant The Procter & Gamble Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA FOGARTY, on Behalf of Herself and All Others Similarly Situated, | |
| Plaintiff, | Case No.: 3:14-cv-07086-FLW-DEA |
| v. | **CERTIFICATE OF SERVICE** |
| CHURCH & DWIGHT, INC.; THE PROCTOR & GAMBLE COMPANY, INC.; REVLON, INC.; THE DIAL CORPORATION; and HENKEL CORPORATION | |
| Defendants. | |

I hereby certify that on this date, I caused to be filed, via electronic filing, the following document with the United States District Court for the District of New Jersey:

1.    Memorandum Of Law In Support of The Procter & Gamble Company's Motion to Dismiss Plaintiff's Amended Class Action Complaint with Prejudice, Pursuant to Fed. R. Civ. P. 12(B)(1) and (6).

I hereby certify that on this date, I caused copies of the foregoing document

to be service via CM/ECF on:


Mark L. Rhoades
RHOADES LLC
One Liberty Place, 36th Floor
1650 Market Street
Philadelphia, PA  19103
rhoades@rhoadesllc.com
*Attorneys for Plaintiff*


Wanda L. Ellert
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ  07102-5211
wellert@proskauer.com

Richard M. Goldstein
Lawrence I. Weinstein
Baldassare Vinti
Andrew S. Wellin
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
rgoldstein@proskauer.com
lweinstein@proskauer.com
bvinti@proskauer.com
awellin@proskauer.com
*Attorneys for Church & Dwight, Inc.*


Brian M. English
William H. Trousdale
TOMPKINS, MCGUIRE, WACHENFELD & BARRY, LLP

2

Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4070
benglish@tompkinsmcguire.com
wtrousdale@tompkinsmcguire.com

Gregg F. LoCascio *(admitted pro hac vice)*
Jonathan D. Brightbill *(admitted pro hac vice)*
Jonathan Jones *(admitted pro hac vice)*
Zachary A. Avallone *(admitted pro hac vice)*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
gregg.locascio@kirkland.com
jonathan.brightbill@kirkland.com
jonathan.jones@kirkland.com
zachary.avallone@kirkland.com

*Attorneys for The Dial Corporation*

Norman C. Simon
Harold P. Weinberger *(admitted pro hac vice)*
Eileen M. Patt *(admitted pro hac vice)*
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Email: nsimon@krarnerlevin.com

*Attorneys for Revlon, Inc.*

I further hereby certify that I have provided courtesy copies of the foregoing

document by first class postage pre-paid U.S. Mail to the Honorable Freda L.

Wolfson pursuant to Local Civil Rule 5.2 and Electronic Case Filing Policies and Procedures.

Dated: April 13, 2015

/s/ Eric F. Gladbach
Eric F. Gladbach
**Reed Smith LLP**
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email:   egladbach@reedsmith.com